UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INTERNATIONAL BIOMEDICAL, LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00397 |
| ) | |
| GENERAL ELECTRIC COMPANY and ) | |
| DATEX-OHMEDA, INC. (d/b/a GE ) | |
| HEALTHCARE) ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, International Biomedical, Ltd. ("International Biomedical") hereby seeks a declaration that it does not and has not directly or indirectly infringed United States Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 or 7,264,586 (collectively the "GE/Datex Patents").[1] International Biomedical further seeks a declaration that the claims of U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586 are invalid and/or unenforceable.

**NATURE OF THE CASE**

1.  This is an action for declaratory judgment of non-infringement, invalidity and/or unenforceability, arising under the patent laws of the United States, Title 35 of the United States Code. International Biomedical requests this relief because defendants General Electric Company ("GE") and Datex-Ohmeda, Inc. (doing business as GE Healthcare) ("Datex") have accused International Biomedical of infringing U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586.

---

[1] United States Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586 are attached as **Exhibits A through E**.

## THE PARTIES

2. Plaintiff International Biomedical is a Texas limited partnership with its principal place of business at 8206 Cross Park Drive, Austin, TX 78754. International Biomedical has made, and continues to make, in the United States, the LifeBorne Infant Warmer. The LifeBorne Infant Warmer is typically used in a hospital environment to provide warmth to an infant that is under medical treatment.

3. Defendant GE is, upon information and belief, a corporation organized under the laws of New York, having a principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828. GE may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Upon information and belief, GE is the owner of one or more of U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586. On information and belief, GE is authorized by Datex to practice any of U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 or 7,264,586 owned by Datex.

4. Defendant Datex is, upon information and belief, a corporation organized under the laws of Delaware, having a principal place of business at 3030 Ohmeda Drive, Madison, WI 53718. Datex may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Upon information and belief, Datex is the owner of one or more of U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 100 et seq.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

7. This Court has personal jurisdiction over GE and Datex. Among other things, GE and Datex submitted to the personal jurisdiction of this Court by threatening to sue International Biomedical for infringement of U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586 in a letter dated February 26, 2014 and addressed to International Biomedical at its Austin, TX address.

8. In addition, this Court has personal jurisdiction over GE and Datex because GE and Datex have conducted regular and systematic business activities within the state of Texas, and within this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to International Biomedical's claim occurred in this District, and because defendants are subject to personal jurisdiction here.

## EXISTENCE OF A JUSTICIABLE CONTROVERSY

10. On or about February 26, 2014, GE and Datex, through their counsel, sent a letter to John Segars, President of International Biomedical, at the company's Austin, TX address. A copy of this letter (without enclosures) is attached as **Exhibit F**. The letter said it regarded "Patent Infringement of U.S. Patent Numbers 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586."

11. In the February 26, 2014 letter, GE and Datex asserted that the LifeBorne Infant Warmer made by International Biomedical infringed U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586. In the February 26, 2014 letter, GE and Datex demanded that International Biomedical cease all activities concerning the LifeBorne Infant Warmer and provide assurances that International Biomedical would immediately "cease any further manufacturing, use, importation or sales of IBI's LifeBorne Infant Warmer."

12. In the February 26, 2014 letter, counsel for GE and Datex represented that GE and/or Datex owned U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586.

13. In the February 26, 2014 letter, GE and Datex asserted that, if International Biomedical did not discontinue its activities concerning the LifeBorne Infant Warmer, and otherwise enter into licensing discussions, GE and Datex would "consider taking additional action."

14. In a conversation between counsel for International Biomedical and counsel for GE and Datex, International Biomedical informed GE and Datex that it did not intend to cease its activities concerning the LifeBorne Infant Warmer.

15. Since receiving the February 26, 2014 letter from GE and Datex, International Biomedical has continued to make the LifeBorne Infant Warmer, in the United States. At no time has GE and/or Datex withdrawn its allegations or threats of infringement against International Biomedical.

16. For these reasons, an actual controversy exists between GE and Datex, and International Biomedical, concerning the alleged infringement and validity of U.S. Patent Nos. 6,155,970, 6,245,010, 6,471,634, 6,733,437 and 7,264,586.

**THE LIFEBORNE INFANT WARMER DOES NOT INFRINGE THE GE/DATEX PATENTS**

17. The LifeBorne Infant Warmer does not infringe, and has not infringed, either directly or indirectly, any claim of U.S. Patent No. 6,155,970.

18. The LifeBorne Infant Warmer does not infringe, and has not infringed, either directly or indirectly, any claim of U.S. Patent No. 6,245,010.

19. The LifeBorne Infant Warmer does not infringe, and has not infringed, either directly or indirectly, any claim of U.S. Patent No. 6,471,634.

20. The LifeBorne Infant Warmer does not infringe, and has not infringed, either directly or indirectly, any claim of U.S. Patent No. 6,733,437.

21. The LifeBorne Infant Warmer does not infringe, and has not infringed, either directly or indirectly, any claim of U.S. Patent No. 7,264,586.

22. No product made, used, sold, offered for sale, or imported by International Biomedical infringes, or has infringed, either directly or indirectly, any claim of U.S. Patent No. 6,155,970.

23. No product made, used, sold, offered for sale, or imported by International Biomedical infringes, or has infringed, either directly or indirectly, any claim of U.S. Patent No. 6,245,010.

24. No product made, used, sold, offered for sale, or imported by International Biomedical infringes, or has infringed, either directly or indirectly, any claim of U.S. Patent No. 6,471,634.

25. No product made, used, sold, offered for sale, or imported by International Biomedical infringes, or has infringed, either directly or indirectly, any claim of U.S. Patent No. 6,733,437.

26. No product made, used, sold, offered for sale, or imported by International Biomedical infringes, or has infringed, either directly or indirectly, any claim of U.S. Patent No. 7,264,586.

## COUNT I

### Declaration of Non-Infringement of U.S. Patent No. 6,155,970

27. International Biomedical restates and incorporates by reference the allegations in Paragraphs 1-26 of this Complaint as if fully set forth herein.

28.  GE and Datex claim to own all rights, title and interest in U.S. Patent No. 6,155,970.

29.  GE and Datex have alleged that the LifeBorne Infant Warmer manufactured by International Biomedical infringes U.S. Patent No. 6,155,970.

30.  A substantial, immediate and real controversy exists between International Biomedical, and GE and Datex, concerning whether the LifeBorne Infant Warmer manufactured by International Biomedical infringes or has infringed any claims of U.S. Patent No. 6,155,970. A judicial declaration is necessary to determine the parties' respective rights.

31.  International Biomedical seeks a judgment declaring that the LifeBorne Infant Warmer, and every other product made, used, sold, offered for sale, and/or imported by International Biomedical, do not infringe and have not infringed, either directly or indirectly, any claim of U.S. Patent No. 6,155,970.

## COUNT II

### Declaration of Invalidity/Unenforceability of U.S. Patent No. 6,155,970

32.  International Biomedical restates and incorporates by reference the allegations contained in Paragraphs 1-31 of this Complaint as if fully set forth herein.

33.  GE and Datex claim to own all rights, title to and interest in U.S. Patent No. 6,155,970.

34.  GE and Datex allege infringement of U.S. Patent No. 6,155,970 by the LifeBorne Infant Warmer made by International Biomedical.

35.  A substantial, immediate and real controversy therefore exists between International Biomedical, and GE and Datex, concerning whether U.S. Patent No. 6,155,970 is

invalid and/or unenforceable. A judicial declaration is necessary to determine the parties' respective rights concerning the invalidity and/or unenforceability of U.S. Patent No. 6,155,970.

36. International Biomedical hereby seeks a judgment declaring that U.S. Patent No. 6,155,970 is invalid and/or unenforceable for failure to comply with the requirements for patentability as specified in 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially created bases for invalidation.

## COUNT III

### Declaration of Non-Infringement of U.S. Patent No. 6,245,010

37. International Biomedical restates and incorporates by reference the allegations in Paragraphs 1-36 of this Complaint as if fully set forth herein.

38. GE and Datex claim to own all rights, title and interest in U.S. Patent No. 6,245,010.

39. GE and Datex have alleged that the LifeBorne Infant Warmer manufactured by International Biomedical infringes U.S. Patent No. 6,245,010.

40. A substantial, immediate and real controversy exists between International Biomedical, and GE and Datex, concerning whether the LifeBorne Infant Warmer manufactured by International Biomedical infringes or has infringed any claims of U.S. Patent No. 6,245,010. A judicial declaration is necessary to determine the parties' respective rights.

41. International Biomedical seeks a judgment declaring that the LifeBorne Infant Warmer, and every other product made, used, sold, offered for sale, and/or imported by International Biomedical, do not infringe and have not infringed, either directly or indirectly, any claim of U.S. Patent No. 6,245,010.

## COUNT IV

### Declaration of Invalidity/Unenforceability of U.S. Patent No. 6,245,010

42. International Biomedical restates and incorporates by reference the allegations contained in Paragraphs 1-41 of this Complaint as if fully set forth herein.

43. GE and Datex claim to own all rights, title to and interest in U.S. Patent No. 6,245,010.

44. GE and Datex allege infringement of U.S. Patent No. 6,245,010 by the LifeBorne Infant Warmer made by International Biomedical.

45. A substantial, immediate and real controversy therefore exists between International Biomedical, and GE and Datex, concerning whether U.S. Patent No. 6,245,010 is invalid and/or unenforceable. A judicial declaration is necessary to determine the parties' respective rights concerning the invalidity and/or unenforceability of U.S. Patent No. 6,245,010.

46. International Biomedical hereby seeks a judgment declaring that U.S. Patent No. 6,245,010 is invalid and/or unenforceable for failure to comply with the requirements for patentability as specified in 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially created bases for invalidation.

## COUNT V

### Declaration of Non-Infringement of U.S. Patent No. 6,471,634

47. International Biomedical restates and incorporates by reference the allegations in Paragraphs 1-46 of this Complaint as if fully set forth herein.

48. GE and Datex claim to own all rights, title and interest in U.S. Patent No. 6,471,634.

49. GE and Datex have alleged that the LifeBorne Infant Warmer manufactured by International Biomedical infringes U.S. Patent No. 6,471,634.

50. A substantial, immediate and real controversy exists between International Biomedical, and GE and Datex, concerning whether the LifeBorne Infant Warmer manufactured by International Biomedical infringes or has infringed any claims of U.S. Patent No. 6,471,634. A judicial declaration is necessary to determine the parties' respective rights.

51. International Biomedical seeks a judgment declaring that the LifeBorne Infant Warmer, and every other product made, used, sold, offered for sale, and/or imported by International Biomedical, do not infringe and have not infringed, either directly or indirectly, any claim of U.S. Patent No. 6,471,634.

## COUNT VI

### Declaration of Invalidity/Unenforceability of U.S. Patent No. 6,471,634

52. International Biomedical restates and incorporates by reference the allegations contained in Paragraphs 1-51 of this Complaint as if fully set forth herein.

53. GE and Datex claim to own all rights, title to and interest in U.S. Patent No. 6,471,634.

54. GE and Datex allege infringement of U.S. Patent No. 6,471,634 by the LifeBorne Infant Warmer made by International Biomedical.

55. A substantial, immediate and real controversy therefore exists between International Biomedical, and GE and Datex, concerning whether U.S. Patent No. 6,471,634 is invalid and/or unenforceable. A judicial declaration is necessary to determine the parties' respective rights concerning the invalidity and/or unenforceability of U.S. Patent No. 6,471,634.

56. International Biomedical hereby seeks a judgment declaring that U.S. Patent No. 6,471,634 is invalid and/or unenforceable for failure to comply with the requirements for patentability as specified in 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially created bases for invalidation.

## COUNT VII

### Declaration of Non-Infringement of U.S. Patent No. 6,733,437

57. International Biomedical restates and incorporates by reference the allegations in Paragraphs 1-56 of this Complaint as if fully set forth herein.

58. GE and Datex claim to own all rights, title and interest in U.S. Patent No. 6,733,437.

59. GE and Datex have alleged that the LifeBorne Infant Warmer manufactured by International Biomedical infringes U.S. Patent No. 6,733,437.

60. A substantial, immediate and real controversy exists between International Biomedical, and GE and Datex, concerning whether the LifeBorne Infant Warmer manufactured by International Biomedical infringes or has infringed any claims of U.S. Patent No. 6,733,437. A judicial declaration is necessary to determine the parties' respective rights.

61. International Biomedical seeks a judgment declaring that the LifeBorne Infant Warmer, and every other product made, used, sold, offered for sale, and/or imported by International Biomedical, do not infringe and have not infringed, either directly or indirectly, any claim of U.S. Patent No. 6,733,437.

## COUNT VIII

### Declaration of Invalidity/Unenforceability of U.S. Patent No. 6,733,437

62. International Biomedical restates and incorporates by reference the allegations contained in Paragraphs 1-61 of this Complaint as if fully set forth herein.

63. GE and Datex claim to own all rights, title to and interest in U.S. Patent No. 6,733,437.

64. GE and Datex allege infringement of U.S. Patent No. 6,733,437 by the LifeBorne Infant Warmer made by International Biomedical.

65. A substantial, immediate and real controversy therefore exists between International Biomedical, and GE and Datex, concerning whether U.S. Patent No. 6,733,437 is invalid and/or unenforceable. A judicial declaration is necessary to determine the parties' respective rights concerning the invalidity and/or unenforceability of U.S. Patent No. 6,733,437.

66. International Biomedical hereby seeks a judgment declaring that U.S. Patent No. 6,733,437 is invalid and/or unenforceable for failure to comply with the requirements for patentability as specified in 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially created bases for invalidation.

## COUNT IX

### Declaration of Non-Infringement of U.S. Patent No. 7,264,586

67. International Biomedical restates and incorporates by reference the allegations in Paragraphs 1-66 of this Complaint as if fully set forth herein.

68. GE and Datex claim to own all rights, title and interest in U.S. Patent No. 7,264,586.

69. GE and Datex have alleged that the LifeBorne Infant Warmer manufactured by International Biomedical infringes U.S. Patent No. 7,264,586.

70. A substantial, immediate and real controversy exists between International Biomedical, and GE and Datex, concerning whether the LifeBorne Infant Warmer manufactured by International Biomedical infringes or has infringed any claims of U.S. Patent No. 7,264,586. A judicial declaration is necessary to determine the parties' respective rights.

71. International Biomedical seeks a judgment declaring that the LifeBorne Infant Warmer, and every other product made, used, sold, offered for sale, and/or imported by International Biomedical, do not infringe and have not infringed, either directly or indirectly, any claim of U.S. Patent No. 7,264,586.

## COUNT X

### Declaration of Invalidity/Unenforceability of U.S. Patent No. 7,264,586

72. International Biomedical restates and incorporates by reference the allegations contained in Paragraphs 1-71 of this Complaint as if fully set forth herein.

73. GE and Datex claim to own all rights, title to and interest in U.S. Patent No. 7,264,586.

74. GE and Datex allege infringement of U.S. Patent No. 7,264,586 by the LifeBorne Infant Warmer made by International Biomedical.

75. A substantial, immediate and real controversy therefore exists between International Biomedical, and GE and Datex, concerning whether U.S. Patent No. 7,264,586 is invalid and/or unenforceable. A judicial declaration is necessary to determine the parties' respective rights concerning the invalidity and/or unenforceability of U.S. Patent No. 7,264,586.

76.     International Biomedical hereby seeks a judgment declaring that U.S. Patent No. 7,264,586 is invalid and/or unenforceable for failure to comply with the requirements for patentability as specified in 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially created bases for invalidation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment:

    a.    Declaring that Plaintiff has not infringed any valid claim of any of the GE/Datex Patents;

    b.    Declaring that one or more claims of the GE/Datex Patents are invalid and/or unenforceable;

    c.    Enjoining GE and Datex, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, and its parents, successors, and assigns, from directly or indirectly charging infringement, or instituting any further action for infringement of the GE/Datex Patents against Plaintiff and/or any of its affiliates, customers, licensees, or potential customers or licensees, in connection with any product accused of infringement in this action;

    d.    Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses that it incurs in connection with this action; and

    e.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

- 14 -

Dated: May 8, 2014

/s/ *Paul Hunt*
Paul B. Hunt
Indiana State Bar No. 15465-71
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 236-1313
Fax: (317) 231-7433
Paul.Hunt@btlaw.com

(*pro hac vice* motion pending)

and

Robert Summers
Texas State Bar No. 19506800
Cleveland Burke
Texas State Bar No. 24064975
HOHMANN, TAUBE & SUMMERS, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Tel: (512) 472-5997
Fax: (512) 472-5248
roberts@hts-law.com
cleveb@hts-law.com

Attorneys for Plaintiff
International Biomedical, Inc.